FEB 2 AM10:25

STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CRIMINAL ACTION
                                                DOCKET NO. CR-17-02

ANTHONY PRATT, JR.,

    Petitioner,                             **POST-CONVICTION DISMISSAL**
                                                        **ORDER**

    v.

STATE OF MAINE,

    Respondent.

Petitioner Anthony Pratt, Jr. has filed a petition for post-conviction review pursuant to 15 M.R.S. §§ 2121-2132 (2013). Petitioner's challenge stems from the criminal judgment entered against him in the Superior Court (Cumberland, *Warren, J.*) on November 19, 2014.

## BACKGROUND

On April 1, 2013 petitioner was charged by criminal complaint, and later on May 10, 2013 by indictment, with murder (CR-13-2065). Petitioner entered a plea of not guilty on May 17, 2013. A jury trial was held September 29, 2014 through October 8, 2014. The jury returned a verdict of guilty on October 9, 2014. The court sentenced petitioner to the Department of Corrections for 42 years on November 19, 2014. Petitioner filed a notice of appeal on November 20, 2014. The Law Court affirmed the judgment and denied the appeal on January 6, 2016.

Petitioner is currently incarcerated at the Maine State Prison and has filed the appropriate papers in support of his request for court-appointed counsel.

## GROUNDS ALLEGED

Petitioner seeks post-conviction review alleging the trial court erred in admitting certain pieces of evidence and that such errors violated his right to due process under the Fourteenth Amendment. "Errors at the trial that have been or could have been raised on a direct appeal,

A True Copy
Attest: _____
             Clerk of Courts

1

whether or not such an appeal was taken, may not be raised in an action for post-conviction review." 15 M.R.S. § 2128(1). The alleged errors have been waived for the purposes of post-conviction review because they could have been raised in petitioner's direct appeal. While there are exceptions to waiver, petitioner must demonstrate that appealable issues have not been waived. *Id.* ("A person under restraint or impediment specified in section 2124 shall demonstrate that any ground of relief has not been waived.") Petitioner failed to so demonstrate.

## CONCLUSION

Because it plainly appears from the face of the petition that it fails to meet the jurisdictional requirements, the petition is summarily dismissed. M.R.U. Crim. P. 70(b)(2).

Therefore it is hereby ORDERED:

The petition for post-conviction review is summarily dismissed.

Dated: January 26, 2017

_____
Hon. John O'Neil, Jr.
Justice, Superior Court

A True Copy

Attest: *[signature]*

Clerk of Courts

2